Judge Lane
pronounced the opinion of the court:
The patent transfers the fee of the land to Peter Helfenstine, in. trust for certain heirs, of whom the plaintiff is one. In England •the statutes of uses, 27 H. Till, c. 10, operating upon this state of facts, would invest the cestui que use with the legal title. If that (■statute be in force here, the plaintiff is entitled to-recover.
The case is argued by counsel for the plaintiff with groat ability ; but we are not led to adopt their conclusion. After a political organization, and the administration of justice by courts, within the State of Ohio, for the period of forty-eight *years, we find no traces of the authority of the statute of uses at this •time as a rule of property, and no distinction is known in practice between uses and trusts. And none- seems necessary, since uses in our construction are not attended with those exceptionable .privileges which they possessed in England before the statute *280 and every quality of trusts is attached to them. Our system of conveyancing, although it has grown out of the English system, does not depend upon the statute of uses, but has taken its form and derives its authority from our own statutes and local usuges. Under these circumstances, the recognition of the power of this statute is not only unnecessary, but would be mischievous, by the introduction of new and complex rules of property. The court unite inppinion that the statute, if ever in force, became so by the statute of 1795, or of 1805, 1 Chase’s Laws of Ohio, 190, 512; and was repealed by the statute of 1806,1 Chase’s Ohio Laws, 528, before the date of this patent.
Motion for new trial overruled.